UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY ROJAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | No. 1:17-cv-01514-DAD-JLT<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>(Doc. Nos. 30, 38) |

      Plaintiffs Stacy Rojas, Ivett Ayestas, Sarah Lara, and Claudia ("Isaac") Medina[1] are, or were at one time, incarcerated at the Central California Women's Facility. Plaintiffs assert claims under the First and Eighth Amendments stemming from two incidents in which they were allegedly assaulted by employees of the California Department of Corrections and Rehabilitation. Defendants seek to sever for misjoinder under Rule 21 and to dismiss plaintiffs' claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 30)

      On August 30, 2018, the assigned magistrate judge issued findings and recommendations finding that severance was appropriate because the claims of plaintiffs Rojas, Ayestas, and Lara did not arise out of the same transaction or occurrence as those of plaintiff Medina. (Doc. No. 38

---

[1] Isaac Medina's legal name is Claudia Medina. As plaintiffs do in the first amended complaint, the court will refer to Medina by his chosen name and the male pronoun. (*See* Doc. No. 24 at 2, n.1.)

at 12–15.) Therefore, the magistrate judge recommended that defendants' motion for misjoinder be granted, and that the claims of plaintiff Medina be severed from this action. (*Id.* at 15.) In addition, the magistrate judge found that the factual allegations of the operative complaint failed to support the claims presented by the plaintiffs and recommended that the complaint be dismissed with leave to amend. (*Id.* at 17–40.) However, the magistrate judge recommended that the claims against Edmund G. Brown, Jr. be dismissed with prejudice, and that he be terminated from this action as a defendant, because plaintiffs acknowledged they had removed all allegations against Governor Brown from their first amended complaint ("FAC"). (*Id.* at 39.)

The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days of service, and that any reply to the objections were to be filed within seven days of service of the objections. (*Id.* at 42.) On September 13, 2018, plaintiffs filed objections to the findings and recommendations. (Doc. No. 41.) On September 20, 2018, defendants filed a reply to plaintiffs' objections. (Doc. No. 43.)

Plaintiffs object to three of the magistrate judge's findings: (1) that plaintiffs' claims do not arise out of the same series of transactions or occurrences; (2) that plaintiffs insufficiently pled that they engaged in protected activity; and (3) that plaintiffs failed to state a claim for sexual harassment. (Doc. No. 41 at 2.) The court will consider each of these objections in turn.

With respect to plaintiffs' first objection, plaintiffs do not present any new argument or authority casting doubt on the magistrate judge's finding that plaintiffs failed to establish a "systematic pattern" or "series of events" that meets Rule 20's "same transaction" requirement. Plaintiffs' FAC alleges two distinctly separate incidents, one involving plaintiffs Rojas, Ayestas, and Lara in November 2015, and the other involving plaintiff Medina in January 2017. The magistrate judge appropriately determined that there were no factual allegations supporting the existence of an official custom or practice, nor was there a common link between any of the named parties allegedly involved in the two distinct incidents, with the exception of a single defendant. (Doc. No. 38 at 13–15.) Because the arguments advanced by plaintiffs' in their objections are unpersuasive, the findings and recommendations will be adopted as to this issue regarding misjoinder.

In their second objection, plaintiffs argue that they sufficiently alleged that plaintiffs Rojas and Medina engaged in protected activity when they registered verbal complaints about harassing behavior. (Doc. No. 41 at 4–5.)

The FAC alleges that plaintiff Rojas engaged in protected conduct by "ask[ing] to speak to ISU [Investigative Services Unit] to report harassment" on November 7 and November 11, 2015. (FAC at ¶¶ 27–29, 32–38.) On November 11, 2015, during a search of Rojas's cell by correctional officers, Rojas again allegedly made repeated requests to speak to ISU. (*Id.* at ¶¶ 36–37.) The FAC alleges that defendant Sergeant Collier then slammed Rojas to the ground and forcefully stomped on Rojas's back, "for no other reason than to unjustifiably punish and cause pain to Rojas in retaliation for their complaints." (*Id.* at ¶¶ 40–43.) The magistrate judge found that these verbal complaints did not constitute protected activity for the purposes of a First Amendment retaliation claim. (Doc. No. 38 at 36.)

Here, the undersigned declines to adopt the magistrate judge's finding that plaintiff Rojas has failed to adequately allege engagement in protected activity in support of a First Amendment retaliation claim. Although neither the Ninth Circuit nor the Supreme Court has decided whether a prisoner's verbal complaints constitute protected activity, at least some district courts, including some in this Circuit, have found that such verbal complaints do qualify as protected activity. *See, e.g.*, *Ahmed v. Ringer*, No. 2:13-cv-1050 MCE DAD P, 2015 WL 502855, at *4 (E.D. Cal. Feb. 5, 2015) ("[T]he court finds that plaintiff's verbal complaint about the July 2, 2012 search and seizure of his property constitutes protected conduct under the First Amendment for purposes of a retaliation claim."), *report and recommendation adopted*, 2015 WL 1119675 (E.D. Cal. Mar. 11, 2015); *West v. Dizon*, No. 2:12-cv-1293 MCE DAD P, 2014 WL 794335, at *5 (E.D. Cal. Feb. 27, 2014) ("The First Amendment's protection in this context is not limited to the form submission of a complaint against a prison staffer."), *report and recommendation adopted*, 2014 WL 1270584 (E.D. Cal. Mar. 26, 2014); *Carter v. Dolce*, 647 F. Supp. 2d 826, 834 (E.D. Mich. 2009) ("Once a prisoner makes clear his intention to resort to official channels to seek a remedy for ill treatment by a prison employee, retaliation against the prisoner by that employee implicates all the policies intended to protect the exercise of a constitutional right."); *Conkleton v. Muro*, No.

08-cv-2612-WYD-MEH, 2011 WL 1119869, at *3 (D. Colo. Mar. 28, 2011) (finding that "verbal articulation . . . of an intent to file a grievance" is constitutionally protected speech); *see also Merrick v. Ellis*, No. 5:15-cv-1052 MMM (GJS), 2015 WL 9999194, at *5–6 (C.D. Cal. Nov. 30, 2015) ("Without deciding the issue, the Court has reason to doubt that the form of a grievance is a proper distinction to be drawn in terms of a 'clearly established right.' "), *report and recommendation adopted*, 2016 WL 447796 (C.D. Cal. Feb. 4, 2016). Construing the allegations in the light most favorable to the plaintiffs, the undersigned finds that plaintiff Rojas's verbal expression of an intent to report harassment to the ISU is sufficient to constitute engagement in protected activity.[2] Defendants' motion to dismiss plaintiff Rojas's retaliation claim will therefore be denied.

With respect to plaintiff Medina, however, the undersigned concurs with the magistrate judge's finding that that the facts alleged are insufficient to state a claim for retaliation in violation of the First Amendment. Plaintiffs argue that Medina engaged in protected activity when Medina "asked another guard in the Unit to ask Officer Dalie to stop" verbally harassing him. (*See* Doc. No. 41 at 5; FAC at ¶ 108.) Even if plaintiff's request for another guard to intervene constitutes protected First Amendment conduct, however, the FAC alleges that Officer Dalie's harassment of Medina began *before* Medina requested that another guard intervene. Plaintiff Medina has therefore failed to allege facts establishing a causal link between the adverse actions and the constitutionally protected activity. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (noting that "a plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially show that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision" to take adverse action) (quoting *Mt. Healthy*

---

[2] In their reply to plaintiffs' objections, defendants argue that even if the verbal complaints here constitute protected activity, they are entitled to qualified immunity because it was not clearly established at the time of the alleged events whether a prisoner's verbal complaint, as opposed to a formal grievance or lawsuit, constitutes protected conduct for purposes of a retaliation claim under the First Amendment. (Doc. No. 43 at 3.) Because this qualified immunity defense was raised for the first time in defendants' reply to plaintiffs' objections to the findings and recommendations, the magistrate judge did not have an opportunity to consider it and the undersigned declines to consider that issue in the first instance. Of course, defendants are not precluded from raising the issue with the magistrate judge at the appropriate time.

4

*City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).  Plaintiffs' objection to the findings and recommendations in this regard are therefore rejected.

Finally, in their third objection, plaintiffs argue that their allegations are insufficient to support a claim for sexual harassment under the Eighth Amendment.  Plaintiffs Rojas and Lara allege that certain defendants verbally compared the sizes of their genitalia, and plaintiff Medina alleges that one defendant made "sexual comments," suggesting that he and Medina have sex.  (FAC at ¶¶ 79, 137.)  The magistrate judge properly concluded that these allegations, even if proven to be true, were not sufficiently serious to constitute an Eighth Amendment violation.  *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) ("[T]he Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment."); *see also Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (holding that allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other staffers did not rise to the level of an Eighth Amendment violation); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim).  Although plaintiffs' objections argue in conclusory fashion that the verbal sexual harassment was "pervasive" and not limited to these isolated events, plaintiffs have not alleged any other such incidents.  (*See* Doc. No. 41 at 6.)

Moreover, although plaintiffs allege that defendants viewed plaintiffs in various stages of undress, the allegations of the FAC suggest that the exposure of plaintiffs' breasts or genitalia was incidental, and occurred while plaintiffs were being placed in handcuffs, changing their clothing, or being pat down.  (*See* FAC at ¶¶ 51, 69, 78, 123.)  As the magistrate judge observed, the allegations regarding exposure of plaintiffs' sex organs appear to be in support of a claim for a right to privacy, but the FAC does not identify a cause of action based on the right to privacy.  (Doc. No. 38 at 29 n.7.)  Thus, plaintiffs' objection to the magistrate judge's finding regarding their claim for sexual harassment are not persuasive.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case, including the objections filed by plaintiffs and the reply thereto by defendants.  Having carefully reviewed the file, the undersigned declines to adopt the findings and recommendations regarding plaintiff Rojas's First Amendment retaliation claim, but adopts

the findings and recommendations in all other respects.

Accordingly,

1. The findings and recommendations dated August 30, 2018 (Doc. No. 38) are adopted in part;
2. Defendant Brown is dismissed as a defendant from this action, and the Clerk of the Court is directed to terminate defendant Brown from the docket;
3. Defendants' motion to sever for misjoinder (Doc. No. 30) is granted, and the claims of plaintiff Medina are severed from this action;
4. The Clerk of the Court is directed to open a new civil action entitled Claudia ("Isaac") Medina v. Scott Kernan, et al. and docket the first amended complaint (Doc. No. 24) as the operative pleading in that new action;
5. The motion to dismiss (Doc. No. 30) is denied as to plaintiff Rojas's claim for retaliation under the First Amendment, and is granted in all other respects in this action and in the severed action;
6. Plaintiffs are granted leave to amend in both actions; and
7. Plaintiffs shall file an amended complaint in this action and in the severed action within 21 days of the date of service of this order.

IT IS SO ORDERED.

Dated: **March 14, 2019**

UNITED STATES DISTRICT JUDGE

6