UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA MEDINA, | No. 1:19-cv-00345-DAD-JLT (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| SCOTT KERNAN, et al., | (Doc. No. 19) |
| Defendants. | |

Plaintiff Claudia Medina was formerly incarcerated at Central California Women's Facility, where he alleges he was assaulted by employees of the California Department of Corrections and Rehabilitation. He asserts that during the assault he suffered violations of his Eighth Amendment rights. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Back on May 3, 2019, the assigned magistrate judge screened plaintiff's second amended complaint and issued findings and recommendations, recommending that certain claims and defendants be dismissed. (Doc. No. 19 at 20–21.)[1] Specifically, the findings and recommendations recommend that plaintiff's first claim for relief for excessive force in violation

---

[1] The court apologizes to the parties for the extensive delay in the issuance of this order. Due to an oversight, until very recently the undersigned was unaware that the May 3, 2019 findings and recommendations were pending in this action.

of the Eighth Amendment be dismissed without leave to amend to the extent it is brought by plaintiff against defendant Del Toro and with leave to amend to the extent it is brought against defendant Tegtmeyer. (*Id.* at 20.) Additionally, the findings and recommendations recommend that plaintiff's second claim for relief for alleged denial of medical care in violation of the Eighth Amendment be dismissed without leave to amend. (*Id.* at 21.) The findings and recommendations further recommend that plaintiff's third claim for relief for alleged sexual abuse and harassment be dismissed without leave to amend and plaintiff's fourth claim for relief for alleged failure to train be dismissed without leave to amend. (*Id.*) Lastly, the findings and recommendations recommend that defendants Diaz and Espinoza be dismissed and that defendants Espinoza, Adams, Johnson, Collier, Herrera, Reynolds, Trevino, and Kernan be terminated as defendants. (*Id.*) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.*) On May 17, 2019, plaintiff filed objections. (Doc. No. 20.)

In his objections, plaintiff makes two arguments. First, plaintiff contends that the magistrate judge's screening of his complaint was improper because he is represented by counsel. (*Id.* at 3.) Second, plaintiff contends that he has alleged sufficient facts to support the claims that the findings and recommendations recommend be dismissed. (*Id.* at 4.) With respect to the first argument, the court concludes that whether plaintiff is represented by counsel is not relevant for this purpose because "[t]he court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, regardless of whether plaintiff is represented by counsel." *Parks v. Rolfing*, No. 2:15-cv-1505-CKD-P, 2018 WL 2128393, at *2 (E.D. Cal. May 9, 2018); *see also Johnson v. Hall*, No. 2:19-cv-1752-KJN-P, 2019 WL 4392413, at *1 (E.D. Cal. Sept. 13, 2019). Although at least one judge of this district has found the screening of complaints to be optional when plaintiffs are proceeding with counsel, the court is unaware of any decision barring the screening of a represented prisoner's complaint. *See Simmonds v. CDCR*, 49 F. Supp. 3d 700, 701 (E.D. Cal. 2014). With respect to plaintiff's second argument, the court concludes that the findings and recommendations fully and properly

/////

addressed the arguments raised by plaintiff and correctly found which claims had been adequately alleged.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on May 3, 2019 (Doc. No. 19) are adopted in full;
2. Plaintiff's first claim for relief for excessive force in violation of the Eighth Amendment is dismissed without leave to amend to the extent it is brought against officer Del Toro and with leave to amend to the extent it is brought against defendant Tegtmeyer;
3. Plaintiff's second claim for relief for denial of medical care in violation of the Eighth Amendment is dismissed without leave to amend;
4. Plaintiff's third claim for relief for sexual abuse and harassment in violation of the Eighth Amendment is dismissed without leave to amend;
5. Plaintiff's fourth claim for relief for failure to train is dismissed without leave to amend;
6. Defendants Diaz and Espinoza are dismissed from this action;
7. Defendants Espinoza, Adams, Johnson, Collier, Herrera, Reynolds, Trevino, and Kernan are terminated as defendants in this action; and
8. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **November 6, 2021**

UNITED STATES DISTRICT JUDGE