UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC JESUS MEDINA ESPINOSA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY TEGTMEYER, ET AL.,<br><br>Defendants. | Case No. 1:19-cv-00345-ADA-CDB  (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANT A. VALENCIA**<br><br>**10-DAY DEADLINE**<br><br>(Doc. 73) |

On November 22, 2022, Defendants filed a Notice of Suggestion of Death of Defendant A. Valencia pursuant to Federal Rule of Civil Procedure 25(a).  (Doc. 65).  On December 13, 2022, Defendants filed a proof of service to A. Valencia's next of kin.  (Doc. 66).  More than 90 days after the proof of service was filed, on March 14, 2023, Defendants filed a Motion to Dismiss A. Valencia.  (Doc. 73).  During a telephonic pre-settlement conference with the Court on March 27, 2023, counsel for Plaintiff represented that she did not intend to oppose the motion to dismiss, or substitute Defendant A. Valencia (Doc. 77), and the time to file any opposition has passed.

In the case of a party's death, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, an action may continue if a claim is not extinguished, and "[a] motion for substitution may be made by any party or by the decedent's successor or representative."  If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original

party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). However, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed R. Civ. P. 25(a)(1).

Since a statement noting the death of Defendant A. Valencia was filed on the record and all parties received service either through the e-filing system or by mail, *see* (Docs. 64-66), any motion for substitution was due no later than March 13, 2023. *See* Fed R. Civ. P. 25 (a)(1); *see also McDow v. Harris*, No. 1:21-cv-00119-ADA-SKO, 2022 WL 17476435, at *1 (E.D. Cal. Dec. 6, 2022) ("Importantly, Rule 25(a)(1) is stated in mandatory terms, and the party 'must be dismissed' given the failure to timely file a motion for substitution") (citing *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)).

For the foregoing reasons, the undersigned **HEREBY RECOMMENDS** that Defendant A. Valencia be dismissed from the action under Rule 25(a)(1).

These Findings and Recommendation will be submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **TEN (10) days** after service of the Findings and Recommendation, Plaintiff may file written objections with the court and serve a copy on all other parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 6, 2023**

UNITED STATES MAGISTRATE JUDGE